## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| CHAD WILLIAM STONE | § | |
| | § | |
| V. | § | A-11-CV-124 SS |
| | § | |
| CLAUDE MAYE | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

Before the Court is the Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed on February 8, 2011. Petitioner Stone originally filed his petition in the Midland Division, but it was transferred to the Austin Division on February 14, 2011. By standing order, the Application is before the Court for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of the Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to Magistrate Judges.

**I.     Background**

Petitioner Stone is currently serving a 60-month sentence at the Federal Correctional Institution in Bastrop, Texas. The District Court sentenced Stone on November 28, 2006, and he was subsequently transferred to state court for revocation of his probation. The state court sentenced him to five years imprisonment, which Stone served in a Texas penitentiary from December 19, 2006 to July 12, 2008. In his petition, Stone seeks credit for his time served in the Texas penitentiary to count against his current federal sentence. He has not appealed the Bureau of Prisons' computation of his sentence through its administrative process.

## II. Discussion

Stone's § 2241 Petition must be dismissed because he has failed to exhaust his administrative remedies in this case. A federal prisoner must "exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *see Mascitti v. Thaler*, No. 10-40391, 2011 WL 756149, at *2 (5th Cir. Mar. 3, 2011). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (citation omitted). The petitioner bears the burden of showing the futility of exhaustion. *Id.* Exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating the futility of administrative review. *See id.*

The record demonstrates that Stone has not exhausted his administrative remedies through the BOP regarding any of the claims presented in this case. *See* Respondent's Response at Exhibit B, Declaration of Martin Joseph Sweaney. Further, Stone has failed to carry his burden of showing that administrative remedies are either unavailable or wholly inappropriate to the relief sought or that exhausting his claims through the administrative process would be futile.

## III. Recommendation

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Respondent's Motion to Dismiss Chad Stone's Petition for Writ of Habeas Corpus (Clerk's Doc. No. 10). The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** without prejudice Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2241 (Clerk's Doc. No. 1).

## IV. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of June, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE